UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDYCAR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01274-TWP-MJD |
| | ) | |
| JOHN CASEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OVERRULING DEFENDANT'S OBJECTION AND
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant John Casey's ("Mr. Casey") Motion to Dismiss or, in the alternative, stay the lawsuit filed against him filed by Plaintiff INDYCAR, LLC ("INDYCAR"). (Filing No. 49.) Mr. Casey alleges this action should be dismissed or stayed, because INDYCAR has failed to join non-party Boston Grand Prix, LLC ("BGP") as a necessary party under Federal Rules of Civil Procedure 12(b)(7) and 19. (Filing No. 49.) Magistrate Judge Mark Dinsmore issued his Report and Recommendation on each of these motions. (Filing No. 59); *see* Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended the motions be denied, (Filing No. 59 at 15), and Mr. Casey timely filed an objection, (Filing No. 61). For the reasons that follow, the Report and Recommendation is **ADOPTED** and the objection is **OVERRULED**.

### I. BACKGROUND

This case arises out of the cancellation of an IndyCar race that was originally planned to take place in September 2016 in Boston, Massachusetts. The dispute in this matter surrounds INDYCAR's claims that Mr. Casey breached the Personal Guaranty that he executed in INDYCAR's favor, guaranteeing certain sanction fee payments owed by non-party BGP. Mr.

Casey believes this action cannot proceed because necessary party, BGP, is not included as a party in this matter. Mr. Casey contends an essential element of liability is proof that BGP breached the underlying race agreement, therefore BGP is a necessary party to this action. The pertinent facts of each motion are set forth in the Magistrate Judge's Report and Recommendation. The Court will dispense with further recitation.

## II. LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009); *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur,* 577 F.3d at 760; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. If a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, he waives appellate review of the issues to which he has not objected. *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). Non-dispositive motions are reviewed under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72.

## III. DISCUSSION

Mr. Casey argues that dismissal is required because BGP is a necessary party to this lawsuit and has not been joined. (Filing No. 61 at 4-5.) In short, the errors alleged by Mr. Casey all turn

on one finding in the Report and Recommendation, involving the interpretation of a Personal Guaranty ("Guaranty") signed by Mr. Casey and INDYCAR. The Magistrate Judge concluded that the Guaranty between the parties was unconditional, or absolute. (Filing No. 59 at 8-9.) As such, Mr. Casey's liability in the event of breach is not preconditioned on the occurrence of any collateral event. (Filing No. 59 at 8-9.) Mr. Casey contends that this finding is erroneous and argues that, as a precondition to his liability under the Guaranty, there must first be a breach by non-party BGP. (Filing No. 61 at 2-5.) Therefore, he argues, this case must be dismissed, because BGP has not been joined. (Filing No. 61 at 2-5.)

The Court disagrees with Mr. Casey's interpretation of the Guaranty. For precisely the reasons laid out in the Report and Recommendation, the Guaranty is absolute and does not predicate Mr. Casey's liability on the occurrence of any breach by BGP. (Filing No. 59 at 8-10.) The unambiguous language of the Guaranty makes clear that it is unconditional, (Filing No. 35-2), and contrary to Mr. Casey's assertions, that language does not conflict with other agreements between the parties, such as the Event Agreement, (Filing No. 34-2).

As Mr. Casey's remaining arguments are all predicated on the contract interpretation that this Court has rejected, no further discussion is necessary. The Court also notes that Mr. Casey fails to develop his argument as to why this action should be stayed, as opposed to dismissed, so the Court considers it abandoned.

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation is **ADOPTED**, and the Defendant's objection is **OVERRULED.**

**SO ORDERED.**

Date: 1/4/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth N. Johnson time
ICE MILLER LLP
elizabeth.timme@icemiller.com

Olga A. Voinarevich
ICE MILLER LLP
olga.voinarevich@icemiller.com

Angela Peace Krahulik
ICE MILLER LLP
krahulik@icemiller.com

David J. Cutshaw
COHEN & MALAD LLP
dcutshaw@cohenandmalad.com

Edward B. Mulligan, V
COHEN & MALAD LLP
emulligan@cohenandmalad.com

Michael R. Murphy
K&L GATES, LLP
michael.r.murphy@klgates.com