# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| INDYCAR LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-01274-TWP-MJD |
| JOHN CASEY, | ) |
| Defendant. | ) |

## ENTRY ON DAMAGES

This matter is before the Court on Plaintiff IndyCar LLC's ("IndyCar") Motion for Entry of Damages ([Filing No. 133](#)). Summary judgment was granted in favor of IndyCar and against *pro se* Defendant John Casey ("Casey") ([Filing No. 128](#)). The Court now makes the following determination of damages owed to IndyCar.

## I. BACKGROUND

The Court previously entered summary judgment for IndyCar on its breach of contract claim and fraudulent misrepresentation claim regarding Casey's ability to serve as a guarantor in connection with inducing IndyCar to enter into a guaranty. The Court determined that the underlying contract entitled IndyCar to payment for the 2016 and 2017 Sanction Fees. In particular, the Court found that in executing the Guaranty, Casey was liable as a guarantor.

> The evidence in the record shows that Casey executed an unconditional and absolute Guaranty to guarantee payment for the 2016 and 2017 Sanction Fees in the event of Boston GP's breach. Because the Boston Race was cancelled due to a relationship gone wrong between Boston GP and the City of Boston, Boston GP breached due to non-performance. At that time, Casey's obligations under the Guaranty became due and his failure to compensate IndyCar resulted in his breach of his obligations thereunder. IndyCar has suffered damages as a result of Casey's breach. Casey's failure to respond to IndyCar's Motion for Summary Judgment deems IndyCar's recitation of the facts as admitted and undisputed.

([Filing No. 128 at 6-7](#).) Under the terms of the Guaranty, in the event of a breach, Casey was obligated to pay Sanction Fees for 2016 and 2017, "together with all costs and expenses (including without limitation, reasonable attorneys' fees) incurred by IndyCar in the enforcement or collection thereof, whether such are direct, indirect, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several." ([Filing No. 34-1 at 1](#).)

As to IndyCar's fraudulent misrepresentation claim, the Court determined that: 1) Casey falsely misrepresented his total assets and liabilities; 2) the misrepresentations were material and were made with knowledge or reckless ignorance of their falseness; 3) IndyCar relied on the misrepresentations; and 4) IndyCar was damaged as a result of the misrepresentations. ([Filing No. 128 at 12-13](#).) Additionally, the Court held that IndyCar's fraud claims were distinct damages from the breach of contract claim and are based in tort.

## II. DISCUSSION

IndyCar requests a damages award in the amount of $4,095,674.65 which consists of the principal amount owed under the Guaranty (2016 and 2017 Sanction Fees), including attorneys' fees, and prejudgment interest. ([Filing No. 133 at 2](#).) Casey has not responded.

As noted in the Court's Summary Judgment Ruling, the Event Agreement stated in the event that the inaugural 2016 Boston Race was cancelled due to Boston GP's breach that Boston GP shall pay to IndyCar, as an early termination payment, the Sanction Fees for the 2016 and 2017 events. ([Filing No. 128 at 2](#).) The total Sanction Fees owed under the Guaranty amounts to $3,100,000. The 2016 Sanction Fee is $1,500,000.00, and the 2017 Sanction Fee is $1,600,000. ([Filing No. 34-2 at 5](#).) IndyCar has incurred approximately $164,787.00 in attorney fees for representation by Bowditch & Dewey in this matter and related litigation, and $1850.90 in costs. ([Filing No. 133-2 at 1](#).) IndyCar has also incurred $170,452.10 in attorneys' fees from Ice Miller

2

LLP for representation in this matter. (Filing No. 133-3 at 1.) Therefore, the total amount of damages associated with the breach of contract claim including attorneys' fees is $3,437,090.00.

The prejudgment interest that IndyCar requests is for the dates of May 23, 2016 through April 13, 2018, the date IndyCar filed its Statement of Damages. (Filing No. 133 at 2.) Indiana law recognizes that "amounts which are due and which are specific, liquidated in amount, or subject to calculation allow for the assessment of prejudgment interest." *Wilson v. Montgomery Ward & Co., Inc.*, 610 F. Supp. 1035, 1041 (N.D. Ind. 1985). Prejudgment interest is awarded to fully compensate an injured party for the lost use of money. *Fackler v. Powell*, 923 N.E.2d 973, 977 (Ind. App. 2010); *see Cincinnati Ins. Co. v. BACT Holdings, Inc.,* 723 N.E.2d 436, 441 (Ind. Ct. App. 2000), *trans. denied.* A prejudgment interest award is justified only where there has been an unreasonable delay in payment of an ascertainable amount. *R & R Real Estate Co., LLC v. C & N Armstrong Farms, Ltd.,* 854 N.E.2d 365, 371 (Ind. Ct. App. 2006), *reh'g denied.* Whether there has been an unreasonable delay in payment so as to justify an award of interest is a question of fact. *Clow Corp. v. Ross Twp. School Corp.,* 384 N.E.2d 1077, 1083 (Ind. App. 1979).

Here, Casey was required, under the terms of the Guaranty, to pay upon demand in the event that Boston GP defaulted, which is what happened in this case due to non-performance. (Filing No. 34-1 at 2.) There has been an unreasonable delay in payment to justify an award of prejudgment interest. However, the Court modifies IndyCar's calculation. Prejudgment interest may be awarded on specific, liquidated amounts, *i.e.* the sum of the 2016 and 2017 Sanction Fees of $3,100,000.00. Attorneys' fees are not included in the calculation as they were not liquidated, nor due at the time of breach. Additionally, the Court awards prejudgment interest through the date of the Court's Entry on Summary Judgment on December 20, 2017. Accordingly, prejudgment interest in the amount of $489,205.48 is awarded to IndyCar. The total amount of

damages on IndyCar's breach of contract claims $3,926,295.48, including attorneys' fees, expenses, and prejudgment interest.

As for IndyCar's fraud claim, IndyCar requests that the Court enter an award in favor of IndyCar and against Casey in the amount determined to be just and reasonable in the Court's discretion on IndyCar's fraud claim. ([Filing No. 133 at 3](#).) IndyCar cites to the Court's conclusion, on summary judgment, that "these damages are distinct from the damages under IndyCar's breach of contract claim and are based in tort." ([Filing No. 133 at 3](#), citing [Filing No. 128 at 13](#).) While the damages are distinct, IndyCar has not submitted sufficient evidence on which the Court can rely to calculate a just and reasonable amount. The Affidavit of Stephen Starks ("Starks"), Vice President of Promoter Relations for IndyCar LLC, provides that IndyCar suffered reputational harm and lost opportunities to pursue alternative agreements. ([Filing No. 133-1 at 5-6](#).) However, Starks also provides that an alternative race was held in Watkins Glen, New York in place of the failed Boston race. *Id.* at 6. The Court therefore finds that IndyCar has not submitted sufficient evidence on evaluating the reputational harm suffered by IndyCar to award substantial tort damages not included in the contract. Accordingly, a nominal sum of $500.00 is deemed just and reasonable under the circumstances.

### III. **CONCLUSION**

For the reasons stated above, the Court **GRANTS** IndyCar LLC's Statement of Damages ([Filing No. 133](#)) and awards damages in favor of IndyCar and against Defendant John Casey in the amount of $3,926,295.48 on IndyCar's contractual claims plus $500.00 in damages for its fraud claim, for damages in the total amount of $3,926,795.48.

**SO ORDERED.**

Date: 8/22/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth N. Johnson Timme
ICE MILLER LLP
elizabeth.timme@icemiller.com

Pamela E. Berman
BOWDITCH & DEWEY, LLP
pberman@bowditch.com

Angela Pease Krahulik
ICE MILLER LLP
krahulik@icemiller.com

John Casey
22 Hood Farm Road
Ipswich, Massachusetts  01938